## H. J. Hubbart v. H. S. Nichols & Son.

1. LACHES—*In Suing Out a Certiorari.*—A person who sues out a writ of certiorari to review a justice's judgment, within the time limited by law, can not be said to be guilty of *laches.*

2. LIMITATIONS—*Defense of—In Equity.*—Equity entertains no presumption against the defense of the statute of limitations.

3. REMEDIES—*Under Section 80 of the Justice's Act—Not Exclusive.*—The remedy provided by section 80, chapter 79, R. S., entitled Justices and Constables, is not exclusive.

**Assumpsit,** for money had and received. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

W. A. PERKINS and W. H. BLACK, attorneys for appellant.

FRANCIS M. GREEN, attorney for appellees.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On May 11, 1891, appellees recovered a justice's judgment against appellant for $136 and costs, from which he prayed

and endeavored to perfect an appeal, but the justice refused to approve the bond he tendered. Execution having been returned unsatisfied, a transcript was filed in the circuit clerk's office, and under execution thereon the sheriff levied upon wheat of the defendant, and had it hauled to Sadorus to be stored until it should be advertised and sold. While the teams were on the way with it he consented that de- fendant, if he chose, might dispose of it by private sale, the purchaser paying the price to him, the sheriff, which was done. The sheriff received for it $174.15, retained $164.75, the amount of the judgment, costs and expense for hauling, paid the residue to the defendant and returned the execution satisfied September 10, 1891. On the 10th of October, the defendant therein, appellant here, filed his petition for a certiorari to the justice, in the case mentioned, which was awarded at the next term, March, 1892, and at the next, the case standing upon the docket for trial as upon appeal, the plaintiffs therein, appellees here, appeared by their attorney and dismissed it, and judgment was ren- dered against them for costs. Thereupon this action was brought by appellant, originally in trespass, against appel- lees, the justice of the peace and the sheriff, but was dis- missed as to the justice and sheriff, and the form changed to assumpsit for money had and received. The parties re- sided, the transactions stated took place and the proceedings herein, down to the trial, were had in the county of Cham- paign; but for reasons personal to the presiding judge it was tried in Macon county, without a jury and upon the general issue only. The finding was for the defendants, and judg- ment accordingly; from which this appeal was taken.

It appears that appellant submitted to the court proposi- tions of law to the effect that the satisfaction of the exe- cution was not by voluntary payment and did not bar a recovery in this case of the amount received and retained by the sheriff; that by their appearance on the writ of certiorari the Circuit Court of Champaign County acquired juris- diction of the subject-matter and of the persons of appellees, and that the judgment, or their dismissal of the suit, was

proper and binding, and estopped them from setting up the cause of action alleged in that case as a bar to this action; that such dismissal and judgment thereon amounted to a reversal of the judgment of the justice, and entitled appellant here to recover the amount collected by the sheriff under the execution on that judgment. These were all refused. On what grounds we are not advised; but the points suggested in the argument are that the delay in suing out the certiorari was *laches;* that the judgment was voluntarily paid by appellant; that his defense to the note and account on which the justice's judgment was rendered—being the statute of limitations—was not equitable; and that his only remedy, if any, was under Sec. 80 of the justices' and constables' act, (R. S. Ch. 79). We think neither is tenable. The certiorari was sued out within the time expressly allowed by law; equity entertains no presumption against the defense of the statute of limitations, and the remedy provided by Sec. 80 of Ch. 79, R. S., is not exclusive. McJilton v. Love, 13 Ill. 494; Richeson v. Ryan, 14 Id. 7; Field v. Anderson, 103 Id. 403.

For error in refusing to hold these propositions the judgment will be reversed and the cause remanded.